IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS, #05711-068**  PLAINTIFF

**VERSUS**  CIVIL ACTION NO. 5:08-cv-222-DCB-MTP

**UNKNOWN SUTHERLAND, et al.**  DEFENDANTS

### ORDER DENYING *IN FORMA PAUPERIS* STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE

There came on for consideration of the Court in the captioned cause the Plaintiff's application to proceed *in forma pauperis* in this civil action. The Court finds that during Plaintiff's incarceration, he has brought at least three civil actions or appeals under § 1915 which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff's *in forma pauperis* application in this civil action will therefore be denied pursuant to 28 U.S.C. § 1915(g).

DISCUSSION

The Prison Litigation Reform Act provides, among other things, that a prisoner's privilege to proceed *in forma pauperis* is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[1] The Court must consider all actions which were

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA.  *Adepegba v. Hammons,* 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim).  Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure.  Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts.  A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures...  Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee.  This requirement is neither novel or penal.  It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Plaintiff Banks has, on three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2]   Therefore, denial of the Plaintiff's *in forma pauperis* application is appropriate. *Id.* at 387.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that Plaintiff's *in forma*

---

[2]   In *Banks v. Hayward, et al.*, No. 06-509 (W.D. PA. May 30, 2006), Plaintiff's claim was dismissed for failure to state a claim.

In *Banks v. Hayward, et al.*, No. 06-1572 (W.D. PA. Jan. 10, 2007), Plaintiff's claim was dismissed as frivolous and/or for failure to state a claim.

In *Banks v. Dove, et al.*, No. 06-2289 (M.D. PA. Jan. 16, 2007), Plaintiff's claim was dismissed as frivolous.

In *Banks v. Pittsburgh Tribune Review, et al.*, No. 07-336 (W.D. PA. May 4, 2007), Plaintiff's claim was dismissed for failure to state a claim.

*pauperis* application should be, and is hereby **denied** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED,** that Plaintiff should be, and is hereby granted 20 days from the date of this order, to pay to the Clerk of Court the requisite filing fee of $350.00.  **Failure to pay the filing fee will result in an order of dismissal for want of prosecution under FED. R. CIV. P. 41(b).**

**SO ORDERED AND ADJUDGED,** this the 30th day of June, 2008.

 s/ David Bramlette
UNITED STATES DISTRICT JUDGE